IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ZEYNEP UNAL,

        Plaintiff,

vs.                                                     CIVIL NO.  13-367 LAM/LFG

LOS ALAMOS PUBLIC SCHOOLS
LOS ALAMOS PUBLIC SCHOOLS
SCHOOL BOARD; EUGENE SCHMITT
and KATHRYN VANDENKIEBOOM,
in their individual capacities,

        Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING
AMENDED MOTION TO COMPEL DISCOVERY RESPONSES**

THIS MATTER is before the Court on Defendants' "Amended Motion to Compel Discovery Responses." [Doc. 35.] The Court considered the Motion, Response [Doc. 40] and Reply [Doc. 44]. Oral argument is not necessary, and the motion will be resolved in accord with D.N.M.LR-Civ. 7.6(a).

**Summary of Disputed Discovery Requests**

Defendants argue that Plaintiff Zeynep Unal ("Unal") did not adequately respond to Interrogatory ("ROG") Nos. 12, 13, 14, 16, 17, 18, 20, 21, and 22, and to Document Request No. 13 (that also relates to information requested by ROG No. 10).[1]

*I.     Interrogatory Nos. 12, 13, 20:*

Interrogatory No. 12 states: "Please describe each and every item for which you are claiming monetary damage, specify the total monetary damage you are claiming as a result of the alleged

---

[1] Based on Defendants' reply, the parties appear to have resolved issues concerning Unal's identification of health care providers in response to ROG No. 10 [Doc. 35-10] and requests for medical releases or authorizations for records. [Doc. 44 at 5.] Thus, the Court takes no action as to these requests.

incident, and specify the basis of each monetary claim." [Doc. 35-1.]  Unal initially objected on grounds that the request was "overly broad and unduly burdensome" and further stated that she[2] was "injured and suffered damages" that will be determined by a jury at a later date.

Unal's supplemental answer [Doc. 40-1 at 2] states that her salary loss for 2011-2012 is $43,673, which she asserts the school district will need to calculate based on its own formula.  She provides no other information on salary or benefit losses other than to state "Plaintiff will seek a precise calculation in the discovery process."  She gives no precise calculation, however, save for the salary loss of $43,673.  She estimates medical expenses of $61,034 but fails to supply any information on the origin of that figure, other than saying "closer to trial" she will provide information.  This is insufficient.  The case is close to the end of discovery, and this information should have been provided long ago, indeed, within fourteen days of the parties' meet and confer. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii), (C) (deadline for making initial disclosures).

A review of Unal's answers and objections shows that the response to ROG No. 12 and other interrogatories is neither complete nor correct.  Further, there is no indication that Unal's answers and objections were asserted only after counsel's reasonable inquiry,  *See* Fed. R. Civ. P. 26(g)(1) (by signing responses and objections to discovery requests, counsel certifies that to the best of her knowledge, after a reasonable inquiry, that the answer is complete and correct and that the objection is consistent with the rules and warranted by existing law).

---

[2] Although the response to ROG No. 12 uses a male pronoun for Plaintiff [Doc. 35-1 at 11], most of the pleadings, filings, and answers refer to Plaintiff as a female.  Thus, the Court understands Plaintiff is a female.

Moreover, Unal's use of the rote objections of "overly broad" and "unduly burdensome" is improper and deficient. [Doc. 35-1, Doc. 40-1].[3] Boilerplate objections of "overly broad" and "unduly burdensome," without more, are improper. Howard v. Segway, Inc., 2013 WL 869955, at *3 (N.D. Okla. Mar. 7, 2013) (unpublished)

In Mancia v. Mayflower Textile Servs. Co., 253 F.R.D. 354, 358 (D. Md. 2008), Judge Paul Grimm discussed an attorney's inappropriate use of this type of objection. The Court noted that Rule 26(g) aspires to eliminate objections such as these which Judge Grimm described as one of the most prevalent of all discovery abuses.

> Rule 26(g) also was enacted over twenty-five years ago to bring an end to the equally abusive practice of objecting to discovery requests reflexively–not reflectively–and without a factual basis. The rule and its commentary are starkly clear: an objection to requested discovery may not be made until the lawyer has "paused and consider[ed]" whether, based on a "reasonable inquiry," there is a "factual basis [for the] . . . objection." Fed. R. Civ. P. 26(g) advisory committee's notes to the 1983 amendments. Yet, as in this case, boilerplate objections to a request for discovery is "overboard and unduly burdensome, and not reasonably calculated to lead to the discovery of material admissible evidence," persist despite a litany of decisions from other courts, including this one, that such objections are improper unless based on particularized facts.

Id. at 358-59 (citations omitted).

For the above-stated reasons, the Court concludes that Unal's objections, answer, and supplemental answer to ROG No. 12 are inadequate and that they violate Rule 26(g). The Court grants Defendants' motion to compel a full and responsive answer to ROG No. 12. Plaintiff must provide Defendants with the information sought by December 18, 2013. Failure to do so will preclude Plaintiff's damage claims at trial.

---

[3] This litany of objections appears in virtually every one of the responses in dispute.

Interrogatory No. 13 asks:

> State in detail each expense you or anyone else has incurred on behalf of your claim you are entitled to recover in this lawsuit as a medical and related expense, giving the date on which each expense was incurred, the amount of each such expense, to whom it is or was owed and the reason for such expense.

Unal initially objected on the same grounds listed above and generally answered that she "incurred expenses, including medical, storage fees and moving expenses, communication expenses, including copying, mailing, medical records requests, telephone, etc., and attorneys fees." She asserted that expenses were "ongoing" and would be determined at trial. [Doc. 35-1.]

Unal's supplemental answer states she requested her medical bills but did not receive them yet. Upon receipt of such records, Unal indicates she will supplement her answer in accordance with the rules of civil procedure. Unal further notes that moving and storage fees occurred when she could not return to work and that those fees were approximately $205 per month for 13 months, for a total of $2665. [Doc. 40-1.]

Unal's answer and supplemental response to ROG No. 13 are insufficient. At most, she states she will produce information at some unknown date in the future. The Court grants Defendants' motion to compel a full and responsive answer to ROG No. 13. Plaintiff must provide Defendants with the information sought by December 18, 2013. Failure to do so will preclude Plaintiff's damage claims at trial.

Interrogatory No. 20 asks Unal whether she is "pursuing a claim for back pay and benefits from August 2006 to May 2013. If so, describe in detail the nature and amount of the back pay and benefits that you presently attribute to the incident(s) described in your Complaint."

Unal answers in general terms that she is "seeking back pay and benefits for 2011-2012 and 2012-2013 as well as benefits for those years (retirement credit, service credit, etc.)" [Doc. 35-3.] There does not appear to be a supplemental answer.

Her response in opposition to the motion to compel does not specifically address ROG No. 20, but generally argues that ROG Nos. 14, 16, 17, 18, 21 and 22 are "contention interrogatories" that "are not usually perceived favorably." [Doc. 40, at 3]. It is unclear if Unal believes ROG No. 20 also is an improper contention interrogatory.

The Court acknowledges Unal's general position that contention interrogatories are inappropriate and not perceived favorably and her argument that she need not provide additional answers to a number of the interrogatories in dispute. [Doc. 40 at 3.] However, Unal is mistaken. Rule 33(a)(2) specifically provides that an interrogatory is not objectionable "merely because it asks for an opinion or contention that relates to fact or the application of law to fact . . . ."

Contention interrogatories ask a party –

> to state what it contends; to state whether it makes a specified contention; to state all facts upon which it bases a contention; to take a position and explain or defend that position with respect to how the law applies to fact; or to state the legal or theoretical basis for a contention.

Discovery Proceedings in Federal Courts, § 16.04 (3d ed. 1995). Such interrogatories may properly be asked and should be answered.

Indeed, in a case cited by Unal, the District Court observed the significance of contention interrogatories. Lucero v. Valdez, 240 F.R.D. 591, 594 (D.N.M. 2007) (noting the important benefits that result from clarifying and narrowing the issues in litigation as early as possible) (citations omitted). Moreover, the Court has considerable discretion in determining when contention interrogatories must be answered depending on how much discovery has been completed. Id.

The parties are nearing the discovery deadline, with less than 50 days remaining until discovery closes. These contention interrogatories are appropriate and Defendants may seek and obtain factual responses from Unal.

For the above-stated reasons, the Court finds that Unal's answer and objections to ROG No. 20 are inadequate and improper. The Court grants Defendants' motion to compel a full and responsive answer to ROG No. 20. Plaintiff must provide Defendants with the information sought by December 18, 2013. Failure to do so will preclude Plaintiff's damage claims at trial.

## II.   *Interrogatory Nos. 14, 16, 17, 18, 21 and 22*

Interrogatory No. 14 asks if Unal claims she was discriminated or retaliated against by Defendant LAPS or its employees, and, if so, to provide the factual basis for such allegations, identity of witnesses, and reports of such unlawful behavior. [Doc. 35-4.] Unal initially responded with boilerplate objections. She then answered:

> yes and cross-references this answer with the complaint filed in this case, the documents provided in response to Defendants' RFPs, Plaintiff's initial disclosures and supplemental initial disclosures, Dr. Gail Irestone (who Plaintiff adds as a potential witness in this case) and the record of the administrative hearing as conducted by the Defendant.

[Doc. 35-4 at 12.] This initial answer is improper and non-responsive. In addition, an answer to an interrogatory is not the place to list a new potential witness, to the extent Unal did not properly supplement her list of potential witnesses.

Moreover, the supplemental answer lacks specificity. [Doc. 40-1 at 5.] Unal asserts that she was assigned "almost double the number of students as permitted by regulation." She does not detail the actual numbers of students assigned or the number purportedly set out by some unknown regulation. She asserts that the "terms and conditions" of her employment were changed but does

not discuss what the original terms and conditions were, when they were changed, or how they changed.

Unal states that the discipline imposed was pretextual but does not disclose what discipline was proposed or why she believes it was pretextual. She alleges that others were treated differently but does not identify the comparators, what they did, what discipline was imposed, or how they were treated differently. Unal asserts that the principal made discriminatory statements about ethnicity, yet provides no detail about the alleged statements. Unal provides self-serving, conclusory statements about her qualifications and performance evaluations. However, she must do more than simply allege conclusions as if they were facts.

Unal contends that she was retaliated against by several individuals and "staff" when she filed a grievance contesting disciplinary actions levied against her based on national origin/race discrimination. Again, she provides no dates and no description of the grievance or the disciplinary actions. She supplies no details of who was involved in resolving the grievance, if the grievance was resolved, how it was resolved, or how the alleged discrimination related to the grievance. Other than being "pulled out of her classroom" on one occasion, to the extent that action could amount to retaliation, Unal makes no specific allegations of retaliation.

The answers lack sufficient specificity and are non-responsive. The Court grants Defendants' motion to compel a full and responsive answer to ROG No. 14. Plaintiff must provide Defendants with the information sought by December 18, 2013.

Interrogatory No. 16 asks Unal describe and identify with specificity the basis for the defamation claim. Defendants requested that she describe the specific occurrences of defamation in which she alleged Defendant LAPS or its employees engaged. [Doc. 40-1.]

Unal initially answered that Defendant Kathryn Vandenkieboom, "outside the scope of her employment (out at bars in Los Alamos), published false communication about Plaintiff, including the statements alleged in the complaint." This answer lacks detail, is insufficient, and is non-responsive.

The supplemental answer provides a little more specificity in that Unal alleged Defendant Vandenkieboom told other teachers at bars that Plaintiff "was crazy, did not understand English and other such false statements about Plaintiff." However, the supplemental answer still is inadequate and provides little help in deciphering Unal's defamation claim. For example, Unal did not specify dates, times, places, or circumstances. She did not detail contents of the alleged defamatory statements made, who heard the statements, or any specific information that would allow a defendant to investigate, confirm, or refute the allegations. Unal refers to "other false statements" and yet, provides no detail to substantiate the allegation.

The Court grants Defendants' motion to compel a full and responsive answer to ROG No. 16. Plaintiff must provide Defendants with the information sought by December 18, 2013.

Interrogatory No. 17 asks Unal to identify and describe the complete basis of the breach of contract claim as asserted in certain paragraphs of the complaint. Unal answered that Defendants' employment policies and procedures, as well as her contract with Defendant, form the basis of the breach of contract claim. [Doc. 35-6.] The answer again is insufficient and non-responsive.

The supplemental answer states that–

> specific policies and procedures are the right to be free from discrimination, that Defendant's [sic] are required to follow state law and regulation and that employees have a grievance procedure that must be used and an employee cannot be retaliated against. However, Plaintiff must have access to discovery and will get much of this information in written discovery and depositions during the discovery phase of this case.

[Doc. 40-1 at 7.] The supplemental answer provides little to no information. Unal should not have to wait for discovery responses from Defendants in order to specify what specific support she has for her breach of contract claim. While she alleges the existence of "specific" policies and procedures, she identifies none. Without identification of an actual policy or procedure, she cannot describe a specific breach. She does not explain why an unidentified grievance procedure and allegations of retaliation support a breach of contract claim. There is nothing in the response from which a defendant could determine how it allegedly breached a contract.

The Court grants Defendants' motion to compel a full and responsive answer to ROG No. 17. Plaintiff must provide Defendants with the information sought by December 18, 2013.

<u>Interrogatory No. 18</u> seeks information whether Unal claims a hostile work environment existed, and to identify any specific support for such a claim, witnesses, and reports of unlawful conduct. Unal supplied improper boilerplate objections, answered "yes," and cross-referenced her answer with the complaint, documents produced, etc., similar to her insufficient answer to ROG No. 14. She further stated some of the unspecified events were reported to unidentified supervisors at LAPS. [Doc. 35-6.]

The supplemental response provides that "Defendants [sic] actions towards Plaintiff were unwelcome," but fails to identify what actions were unwelcome, when they occurred, who witnessed the conduct, or which Defendants supposedly engaged in such actions. Unal further states that she "realized shortly after Defendant Vanderkieboom became principal that enduring her – and other employee [sic] – harassment was a condition of continued employment with the district." Again, this response makes no sense. It lacks specificity as to dates, identification of employees, and harassing actions. It is more akin to a conclusion than specific factual support of her claim.

Unal further states that the unspecified conduct about which she complains was so severe "– disciplinary actions, harassing Plaintiff's student's parents to say negative things about the Plaintiff, pulling Plaintiff out of her classroom, making fun of her national origin/race – that a reasonable person would also consider it intimidating, hostile and abusive." [Doc. 40-1 at 8.] Again, the response is conclusory and fails to identify specific factual support in terms of the alleged disciplinary actions, harassing actions, identification of parents or students, description of "negative things" that were said about Unal, who supposedly convinced parents to make certain statements, dates of statements, how many times Unal was "pulled out" of her class room, by whom, and for how long, and what statements were made that "made fun" of Unal's national origin or race.

In other words, Unal's supplemental answer is wholly insufficient. The Court grants Defendants' motion to compel a full and responsive answer to ROG No. 18. Plaintiff must provide Defendants with the information sought by December 18, 2013.

Interrogatory No. 21 asked Unal to describe in detail the factual basis for her claim that Defendant Vandenkieboom "began targeting Plaintiff" as alleged in the complaint. The ROG specifically requested details as to any support for the claim, including identification of witnesses, and reports Unal made about alleged "targeting."

Unal improperly set forth boilerplate objections and summarily argued that she already described sufficiently the factual basis for the claims in her complaint and amended complaint. [Doc. 40-1.] Unal also indicated she would provide additional information after discovery and that Defendants were entitled to depose witnesses and to request written discovery through discovery requests. Unal generally refers Defendants to the pleadings in the case, documents already provided, disclosures Unal made, and the record of the administrative hearing.

In the supplemental response, Unal referred Defendants to responses to Defendants' First Requests for Production and other documents, and again to the pleadings and disclosures. She essentially reiterated her initial answer, *i.e.,* that Defendants could depose witnesses identified. Unal further stated that "at this early stage in discovery," she was unable to provide a "complete factual basis" for her claims.

Discovery has been ongoing, and Unal is expected to articulate the factual support she has for her claims. She selected the claims she asserted in her complaint, and she, better than anyone, knows what factual support she has for the claims. While she may not be able to provide a "complete" factual basis for her claims, the problem is that she identified virtually no factual basis for her claims. Unal's answers to ROG No. 21 are insufficient.

The Federal Rules of Civil Procedure, specifically Rules 26(b) and 33, compel the Court's decision. Interrogatories must be answered separately and fully. Fed. R. Civ. P. 33(b)(3). *See, e.g.,* Covad Commc'n Co. v. Revonet, Inc., 258 F.R.D. 17, 19 (D.D.C. 2009) (answers must be true, explicit, responsive, complete, and candid). Rule 33 requires a party to answer "fully." It is improper to refer the requesting party to outside materials such as pleadings, depositions, or other answers. *See* DL v. Dist. of Columbia, 251 F.R.D. 38, 48 (D.D.C. 2008). *See also* Sempier v. Johnson & Higgins, 45 F.3d 724, 733-34 (3d Cir.) (ordinarily, a party cannot answer an interrogatory by referring to statements in a pleading), *cert. denied*, 515 U.S. 1159 (1995). Moreover, answers must be provided under oath, and simply referring to other pleadings serves to evade that responsibility.

The Court grants Defendants' motion to compel a full and responsive answer to ROG No. 21. Plaintiff must provide Defendants with the information sought by December 18, 2013.

Interrogatory No. 22 asks Unal to identify the full name and last known contact information for each person she intends to call as a witness and to describe the expected testimony of those individuals. Unal answered that she had not determined what witnesses she may call at trial and stated that she would supplement the answer in accordance with the rules. Her supplemental answer refers Defendants to initial disclosures. [Doc. 40-1 at 10.]

Unal's answers are deficient. The Court grants Defendants' motion to compel a full and responsive answer to ROG No. 22. Plaintiff must provide Defendants with the information sought by December 18, 2013.

## Conclusion

In sum, the Court carefully reviewed the interrogatories at issue and determines that Unal's answers and supplemental answers are inadequate. The Court overrules the objections, grants Defendants' motion to compel, and directs that Unal fully respond to ROG Nos. 12, 13, 14, 16, 17, 18, 20, 21, and 22.

As stated previously, failure to timely and fully respond to the interrogatories that seek information about claims for damages will preclude Plaintiff from seeking damages at trial. Similarly, should Plaintiff fail to timely supplement her answers to the other interrogatories regarding support for her claims and identification of witnesses, she may find herself in the untenable position of having no support for her claims. In other words, Unal cannot "hide the ball" and suddenly come forward with supporting facts that she did not produce earlier in response to appropriate discovery requests.

IT IS THEREFORE ORDERED that Defendants Amended Motion to Compel [Doc. 35] is GRANTED, consistent with this opinion.  Plaintiff's responses to the discovery requests at issue must be made by December 18, 2013.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge